IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01601-BNB

MICHAEL REA,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS,
OFFENDER SERVICES (Official Capacity), and
CORRECTIONS CORPORATION OF AMERICA
    (In their Official and Individual Capacity),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 16 2010

GREGORY C. LANGHAM
    CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Michael Rea, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. He filed *pro se* a complaint pursuant to 42 U.S.C. § 1983 seeking money damages and the expungement of disciplinary convictions from his prison record. He also submitted a supplement to the complaint in which he seeks injunctive relief concerning his sex offender designation. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

The Court must construe Mr. Rea's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Rea will be directed to file an amended complaint.

Mr. Rea's complaint is sixty-seven pages in length. A supplement to the complaint is forty-seven pages in length, including attachments. Mr. Rea asserts five claims that defendants failed to protect him (claim one), subjected him to emotional suffering and mental anguish (claim two), discriminated against him by falsely accusing him of stealing office supplies (claim three), forged disciplinary charges against him (claim four), and transferred and placed him in segregation for his own protection based upon allegations that he was responsible for the death of JonBenet Ramsey. However, the Court finds that the asserted claims, and the allegations in support of them, are verbose, confusing, and repetitive.

As a result, Mr. Rea's complaint, as supplemented, fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a)

and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Rea to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Rea fails to set forth a short and plain statement of his claims showing he is entitled to relief. It is Mr. Rea's job to present his claims in a manageable format that allows the Court and the defendant to know what claims are being asserted and to be able to respond to those claims. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Rea will be directed to file an amended complaint that complies with the pleading requirements of Rule 8. In the amended complaint, Mr. Rea must allege, simply and concisely, his specific claims for relief. He must not set forth an extended and unnecessary discussion of often insignificant details and legal argument in support of his claims but rather provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Rea may not sue the State of Colorado or its entities, such as the Colorado Department of Corrections or its Offender Services Division. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

In the amended complaint he will be directed to file, Mr. Rea must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Rea must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053,

1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Rea may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Rea uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Rea, therefore, will be directed to file an amended complaint that states his claims clearly and concisely, asserts what constitutional rights were violated, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.

Lastly, the motions titled "Motion to Rehear, Plaintiffs [sic] Motion for Cost and For Request of Copies" (docket no. 6) filed on July 2, 2010, and "Motion for Copies/Cost" (docket no. 4) filed on July 7, 2010, will be denied. The Court may not strike an order in an unrelated case, as Mr. Rea requests in document number 6. Mr. Rea may obtain copies of the electronic documents filed in this action at a cost of fifty cents per page, to be paid in advance. Mr. Rea is advised that he should not submit to the Court any documents he may want copies of because the Court's electronic filing system does not allow the Court to maintain paper copies. Therefore, the Court is unable to grant his request for copies in document number 4.

Accordingly, it is

ORDERED that Plaintiff, Michael Rea, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Rea, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Rea fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the motions titled "Motion to Rehear, Plaintiffs [sic] Motion for Cost and For Request of Copies" (docket no. 6) filed on July 2, 2010, and "Motion for Copies/Cost" (docket no. 4) filed on July 7, 2010, are denied.

DATED August 16, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01601–BNB

Michael D. Rea
Prisoner No. 118902
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 8/6/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk